J-S70014-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| WILLIAM SAMUEL JENKINS | : | |
| | : | |
| Appellant | : | No. 198 MDA 2017 |

Appeal from the PCRA Order December 28, 2016
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-CR-0004226-2011

BEFORE: GANTMAN, P.J., SHOGAN, J., and OTT, J.

MEMORANDUM BY GANTMAN, P.J.:                **FILED DECEMBER 28, 2017**

Appellant, William Samuel Jenkins, appeals from the order entered in the Dauphin County Court of Common Pleas, which denied his first petition brought pursuant to the Post Conviction Relief Act ("PCRA").[1] We affirm.

The relevant facts and procedural history of this case are as follows. On February 8, 2012, the Commonwealth charged Appellant with attempted rape and related offenses, in connection with an incident in which Appellant forced himself on Victim. Prior to trial, the Commonwealth offered Appellant a negotiated plea deal where Appellant would plead guilty to attempted rape in exchange for a sentence of eight (8) to sixteen (16) years' imprisonment. The Commonwealth also added a charge of attempted indecent assault by

_____

[1] 42 Pa.C.S.A. §§ 9541-9546.

forcible compulsion against Appellant. On December 5, 2012, Appellant rejected the plea offer after the Commonwealth informed Appellant on the record that a jury trial conviction of attempted rape or attempted indecent assault by forcible compulsion would carry a mandatory minimum of twenty-five (25) years' imprisonment, due to Appellant's prior criminal history. Appellant immediately proceeded to a jury trial. On December 7, 2012, the jury convicted Appellant of attempted indecent assault by forcible compulsion and simple assault. The court sentenced Appellant on September 30, 2013, to a term of twenty-five (25) to fifty (50) years' imprisonment for the attempted indecent assault conviction and a concurrent term of one (1) to two (2) years' imprisonment for the simple assault conviction. This Court affirmed the judgment of sentence on November 18, 2014, and Appellant did not file a petition for allowance of appeal with our Supreme Court. *See Commonwealth v. Jenkins*, 113 A.3d 351 (Pa.Super. 2014).

Appellant timely filed a PCRA petition on November 18, 2015, and a supplemental PCRA petition on December 21, 2015. In the petitions, Appellant claimed trial counsel erred when she failed to: (1) inform Appellant about the mandatory minimum sentence for an attempted indecent assault by forcible compulsion conviction; (2) request a jury instruction on attempted indecent assault without consent; and (3) request a special verdict slip to allow the jury to decide if Appellant was guilty of attempted

indecent assault by forcible compulsion or attempted indecent assault without consent. The Commonwealth filed a response on December 23, 2015, and the court held a PCRA hearing on January 7, 2016. The court ultimately denied PCRA relief on December 28, 2016. Appellant timely filed a notice of appeal on January 25, 2017. On March 9, 2017, the court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and Appellant timely complied on March 28, 2017.

Appellant raises the following issues for our review:

> WHETHER THE PCRA COURT ERRED IN DENYING THE PCRA PETITION BECAUSE [APPELLANT'S] TRIAL COUNSEL WAS INEFFECTIVE BY PROVIDING [APPELLANT] WITH INACCURATE AND MISLEADING INFORMATION REGARDING THE IMPLICATIONS OF ACCEPTING OR REJECTING THE PLEA AGREEMENT OFFERED, INCLUDING THE MANDATORY MINIMUM SENTENCE HE WOULD FACE AS A RESULT OF A CONVICTION FOR ATTEMPTED INDECENT ASSAULT[?]
>
> WHETHER THE PCRA COURT ERRED IN DENYING THE PCRA PETITION BECAUSE [APPELLANT'S] TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO REQUEST THAT THE JURY BE CHARGED ON ATTEMPTED INDECENT ASSAULT "WITHOUT CONSENT" UNDER 18 PA.C.S.[A.] § 3126(A)(1) AND/OR FAILING TO OBJECT TO THE JURY INSTRUCTION WHICH DID NOT CONTAIN THE "WITHOUT CONSENT" SUBSECTION FOUND AT SECTION 3126(A)(1)[?]
>
> WHETHER THE PCRA COURT ERRED IN DENYING THE PCRA PETITION BECAUSE [APPELLANT'S] TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO REQUEST A SPECIAL VERDICT SLIP THAT REQUIRED THE JURY TO GRADE THE ATTEMPTED INDECENT ASSAULT CHARGE[?]

(Appellant's Brief at 4).

Our standard of review of the denial of a PCRA petition is limited to examining whether the evidence of record supports the court's determination and whether its decision is free of legal error. *Commonwealth v. Conway*, 14 A.3d 101, 108 (Pa.Super. 2011), *appeal denied*, 612 Pa. 687, 29 A.3d 795 (2011). This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings. *Commonwealth v. Boyd*, 923 A.2d 513, 515 (Pa.Super. 2007), *appeal denied*, 593 Pa. 754, 932 A.2d 74 (2007). We give no such deference, however, to the court's legal conclusions. *Commonwealth v. Ford*, 44A.3d 1190, 1194 (Pa.Super. 2012). If the record supports a PCRA court's credibility determination, it is binding on the appellate court. *Commonwealth v. Miller*, 102 A.3d 988, 992 (Pa.Super. 2014).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Scott Arthur Evans, we conclude Appellant's first and second issues on appeal merit no relief. The PCRA court opinion comprehensively discusses and properly disposes of those questions. (*See* PCRA Court Opinion, filed December 28, 2016, at 5-7) (finding: **(1)** parties discussed Commonwealth's plea offer of eight to sixteen years' imprisonment with Appellant on record prior to trial; during discussion, Commonwealth informed Appellant of its intent to seek twenty-five year mandatory minimum sentence if jury convicted Appellant of attempted rape or attempted indecent assault by forcible compulsion; with

this knowledge, Appellant chose to reject plea offer and proceed to trial; while Commonwealth explained consequences of attempted indecent assault conviction with Appellant instead of trial counsel, fact remains that Appellant was aware of all possible sentences when he proceeded to jury trial; thus, Appellant knowingly rejected Commonwealth's plea offer, and Appellant's first ineffective assistance of counsel claim fails; **(2)** Commonwealth's evidence at trial established that Appellant's attack on Victim was more than mere unwanted indecent contact; as such, evidence supported jury instruction on charged offense of attempted indecent assault by forcible compulsion and did not support instruction on uncharged offense of attempted indecent assault without consent; significantly, inclusion of jury instruction of attempted indecent assault without consent would have only caused jury confusion; thus, counsel's decision not to request jury instruction on attempted indecent assault without consent was proper, and Appellant's second ineffective assistance of counsel claim fails). Therefore, with respect to Appellant's first two issues on appeal, we affirm on the basis of the PCRA court's opinion.

In his third issue, Appellant argues trial counsel should have requested a special verdict slip for the jury to determine the grading of Appellant's attempted indecent assault charge. Appellant avers the verdict slip contained erased "M-1" and "M-2" notations, which demonstrated that there was confusion about the grading of the attempted indecent assault offense.

Appellant further contends there is a reasonable probability the jury would have graded Appellant's conviction as a second-degree misdemeanor if given the choice. Appellant insists trial counsel had no reasonable basis for her decision not to request the special verdict slip. Appellant concludes trial counsel's failure to request a special verdict slip constitutes ineffective assistance of counsel, and this Court should vacate the judgment of sentence and remand for further proceedings. We disagree.

The law presumes counsel has rendered effective assistance. **Commonwealth v. Williams**, 597 Pa. 109, 950 A.2d 294 (2008). When asserting a claim of ineffective assistance of counsel, a petitioner is required to make the following showing: (1) the underlying claim is of arguable merit; (2) counsel had no reasonable strategic basis for his action or inaction; and, (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different. **Commonwealth v. Kimball**, 555 Pa. 299, 312, 724 A.2d 326, 333 (1999). The failure to satisfy any prong of the test for ineffectiveness will cause the claim to fail. **Williams, supra**.

"The threshold inquiry in ineffectiveness claims is whether the issue/argument/tactic which counsel has foregone and which forms the basis for the assertion of ineffectiveness is of arguable merit…." **Commonwealth v. Pierce**, 537 Pa. 514, 524, 645 A.2d 189, 194 (1994). "Counsel cannot be found ineffective for failing to pursue a baseless or meritless claim."

*Commonwealth v. Poplawski*, 852 A.2d 323, 327 (Pa.Super. 2004).

> Once this threshold is met we apply the "reasonable basis" test to determine whether counsel's chosen course was designed to effectuate his client's interests. If we conclude that the particular course chosen by counsel had some reasonable basis, our inquiry ceases and counsel's assistance is deemed effective.

*Pierce, supra* at 524, 645 A.2d at 194-95 (internal citations omitted).

> Prejudice is established when [an appellant] demonstrates that counsel's chosen course of action had an adverse effect on the outcome of the proceedings. The [appellant] must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. In [*Kimball, supra*], we held that a "criminal [appellant] alleging prejudice must show that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable."

*Commonwealth v. Chambers*, 570 Pa. 3, 21-22, 807 A.2d 872, 883 (2002) (some internal citations and quotation marks omitted).

Section 3126 of the Crimes Code defines the offense of indecent assault in relevant part as follows:

> **§ 3126. Indecent assault**
>
> **(a) Offense defined.—**A person is guilty of indecent assault if the person has indecent contact with the complainant, causes the complainant to have indecent contact with the person or intentionally causes the complainant to come into contact with seminal fluid, urine or feces for the purpose of sexual desire in the person or the complainant and:
>
> > (1) the person does so without the complainant's consent;

(2)    the person does so by forcible compulsion;

\*    \*    \*

**(b)   Grading.**—Indecent assault shall be graded as follows:

(1)    An offense under subsection (a)(1) or (a)(8) is a misdemeanor of the second degree.

(2)    An offense under subsection (a)(2), (3), (4), (5) or (6) is a misdemeanor of the first degree.

\*    \*    \*

18 Pa.C.S.A. §§ 3126(a)(1), (a)(2), (b)(1) and (b)(2).

Section 901 of the Crimes Code defines criminal attempt in relevant part as follows:

**§ 901.  Criminal attempt**

**(a)   Definition of attempt.**—A person commits an attempt when, with intent to commit a specific crime, he does any act which constitutes a substantial step toward the commission of that crime.

18 Pa.C.S.A. § 901(a).   Additionally, "attempt, solicitation and conspiracy are crimes of the same grade and degree as the most serious offense which is attempted or solicited or is an object of the conspiracy.  18 Pa.C.S.A. § 905(a).   Significantly, Pennsylvania courts have almost universally condemned the use of special verdicts in criminal trials.  ***See Commonwealth v. Hopkins***, 632 Pa. 36, 117 A.3d 247 (2015).

Instantly, to the extent Appellant claims trial counsel was ineffective for failure to request a special verdict slip to grade his attempted indecent

assault conviction, we observe the Commonwealth charged Appellant solely with attempted indecent assault by forcible compulsion. *See* 18 Pa.C.S.A. § 3126(a)(2). Section 3126(b) states that indecent assault by forcible compulsion is a first-degree misdemeanor. *See* 18 Pa.C.S.A. § 3126(b)(1). Significantly, the Commonwealth did not charge Appellant with attempted indecent assault without consent, which is a second-degree misdemeanor. *See* 18 Pa.C.S.A. §§ 3126(a)(1) and (b)(2). Because the Commonwealth did not charge Appellant with attempted indecent assault without consent, the court issued a jury instruction only on attempted indecent assault by forcible compulsion graded as a first-degree misdemeanor. Under these circumstances, there was no need for a special verdict slip to determine the grading of the attempted indecent assault conviction. Thus, trial counsel did not err when she failed to request a special verdict slip for the jury to determine the grading of the attempted indecent assault conviction, and Appellant's third ineffective assistance of trial counsel claim warrants no relief. *See Kimball, supra*. Accordingly, we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/28/17

- 9 -

COMMONWEALTH OF PENNSYLVANIA : IN THE COURT OF COMMON PLEAS
: DAUPHIN COUNTY, PENNSYLVANIA
:
:
vs. : NO. 4226-CR-2011
:
:
WILLIAM SAMUEL JENKINS :

## ORDER

AND NOW, this 28 day of December, 2016, in consideration of Defendant's PCRA

Petition, Supplemental Petition, the Commonwealth's response thereto, briefs filed, and hearing

held on January 7, 2016, it is hereby ORDERED that the requested PCRA relief is DENIED.

BY THE COURT:

_____
Scott Arthur Evans, Judge

Distribution: 12|28|16  at 3:03pm
Jennifer Gettle, Esq, District Attorney's Office  10
Royce L. Morris, Esq. & S. Baker Kesinger, Esq., 4250 Crums Mill Rd., P.O. Box 6991,
Harrisburg, PA 17112  mail
Chambers of Judge Scott Arthur Evans  10

COMMONWEALTH OF PENNSYLVANIA  : IN THE COURT OF COMMON PLEAS
: DAUPHIN COUNTY, PENNSYLVANIA
:
vs.                          : NO. 4226-CR-2011
:
:
WILLIAM SAMUEL JENKINS        :

## MEMORANDUM OPINION

On September 14, 2011, Defendant William Jenkins was charged with Criminal Attempt to commit Rape by Forcible Compulsion (18 Pa.C.S.A. § 901), Aggravated Assault (18 Pa.C.S.A. § 2702(a)(1)), and Unlawful Restraint (18 Pa.C.S.A. § 2902(a)(1)).[1] On December 5, 2012, on the first day of trial, Defendant was sworn in to review the plea deal that had been offered and to ensure that he was knowingly and voluntarily rejecting the offer. After Defendant was sworn, and prior to the start of trial, the Commonwealth requested a drop count for the lesser included offense of Criminal Attempt to commit Indecent Assault. A conviction of such offense, or a conviction of Criminal Attempt to commit Rape, would carry a 25-year mandatory minimum sentence due to Defendant's prior record. Defendant was then offered a plea deal to a sentence of eight (8) to sixteen (16) years of imprisonment. Defendant rejected the offer, and indicated that he did not have any questions, nor did he need further time.

At the conclusion of the trial, the Commonwealth requested a jury instruction for the offense of Criminal Attempt to commit Indecent Assault by Forcible Compulsion. The jury was also provided an additional instruction on Simple Assault (18 Pa.C.S.A. § 2701) at the defense's request.

---

[1] This charge was later withdrawn by the Commonwealth.

1

Following trial, Defendant was convicted of Attempt to commit Indecent Assault by Forcible Compulsion, and Simple Assault. Defendant was acquitted of Attempted Rape and Aggravated Assault. On September 30, 2013, Defendant was sentenced to twenty-five (25) to fifty (50) years of imprisonment on the charge of Criminal Attempt to commit Indecent Assault by Forcible Compulsion and a concurrent term of not less than one (1) year to no more than two (2) years on the charge of Simple Assault.[2]

---

[2] The evidence at trial was as follows: Todd Myers testified that on the afternoon of September 10, 2011, he received a call for a work-related emergency; an air conditioner needed maintenance at a building located at 1426 North Third Street. Mr. Myers testified that he normally uses the service entrance for the building, but did not do so this time, as he heard noises behind the dumpster and thought he was interrupting "some inappropriate behavior" back there. He even yelled for them to get out of there. [Jury Trial, December 6, 2012, Notes of Testimony, Volume 2, pp. 4-7]. Mr. Myers contacted his facilities director, John Foltz, to report the disturbance. Mr. Foltz viewed the surveillance video, which prompted him to contact his supervisor who, in turn, advised that the police be contacted. [N.T., Vol. 2, 12-6-12, pp. 12-14].

Detective John Cassidy O'Connor, the primary investigating officer in this case, testified that he viewed the video and began an investigation to determine the identities of the assailant and the victim. [N.T., Vol. 2, 12-6-12, p. 16]. The victim was ultimately identified as Veronica Daniels. When Detective O'Connor arrived at Ms. Daniels door, she was apprehensive. The detective testified, "I got her to relax a little bit and told her, hey, I want to know why that guy strangled you. She was sort of stunned that I knew about it, and she started crying and telling me she thought was going to die." [N.T., Vol. 2, 12-6-12, pp. 17-18]. Detective O'Connor also testified that he was aware of Ms. Daniels' past involvement with prostitution, and that he told her that she was not in any trouble. [N.T., Vol. 2, 12-6-12, pp. 18-19]. Detective O'Connor observed that when he was speaking with Ms. Daniels, her voice was very deep, and she revealed that it was due to her throat still hurting from the strangulation. [N.T., Vol. 2, 12-6-12, p. 19]. He revealed that when he discussed the incident with her at the police department, she told him that she used to be a prostitute, but she really needed the money and did not want her mom to know she was back to prostitution, and that she and the assailant had agreed to sex in the alleyway. The detective further stated that she agreed to this, and then Defendant "got really nasty and violent with her." [N.T., Vol. 2, 12-6-12, p. 19].

Veronica Daniels took the stand and stated that she left a bar on the afternoon in question, and Defendant saw her on the street and called her over. Ms. Daniels testified that she had seen him before, and had even conversed with him at a bar. He propositioned her that afternoon for $40.00. Ms. Daniels stated that the $40.00 was supposed to be in exchange for "regular sex." [N.T., Vol. 2, 12-6-12, pp. 24-27]. They went into the alley and started to engage in sexual contact, but Ms. Daniels changed her mind, decided she wanted him to stop, which she told him more than once. Ms. Daniels was against a wall and pushed Defendant away. [N.T., Vol. 2, 12-6-12, pp. 28-29]. At that point Ms. Daniels testified that Defendant was "jerking off" and grabbed her by the throat, slammed her up against the brick wall, and she blacked out. When she came to, she felt him fiddling with her belt, and she kicked him off. Ms. Daniels started screaming when she heard a gentleman ask what was going on back there. [N.T., Vol. 2, 12-6-12, p. 30]. Defendant left the scene, followed by Ms. Daniels. Ms. Daniels testified that when she got home, she told her mother what had transpired and her mother told her to contact the police. Ms. Daniels thought she would be blamed for the incident, given her prior reputation as a prostitute. [N.T., Vol. 2, 12-6-12, pp. 32-33]. Ms. Daniels confirmed that Detective O'Connor arrived at her door, questioned her, took her to the police station, and showed her the videotape. [N.T., Vol. 2, 12-6-12, p. 33].

A direct appeal was filed to the Superior Court, and Defendant's judgment of sentence was affirmed on November 18, 2014. On November 18, 2015, Royce Morris, Esquire, filed a PCRA petition on Defendant's behalf, alleging ineffective assistance of counsel by Defendant's trial counsel, Lenora Smith, Esquire. Prior to the Commonwealth filing a response to the petition, Defendant filed a supplement to the petition. The Commonwealth filed its response on December 23, 2015.

On January 7, 2016, a PCRA hearing was held wherein testimony from Defendant, Attorney Smith, and Chief Deputy District Attorney Jennifer Gettle testified as to Attorney Smith's effectiveness at Defendant's jury trial. Defendant was the first to testify.

Defendant testified that Attorney Smith had contacted the Commonwealth about a plea, and the response was an offer of eight to sixteen years imprisonment; Defendant opted to take a jury trial. [PCRA Hearing, January 7, 2016, Notes of Testimony, p. 9]. When asked whether he understood that there was a 25 year mandatory minimum, Defendant replied no. Defendant stated that attempted indecent assault was added after the jury was sworn in, was never explained to him, and he had no knowledge that it would create a 25 year sentence upon conviction. [N.T., 1-7-16, pp. 10-11].

On cross examination, when asked if Attorney Smith advised Defendant of the risks would be if he opted for a trial and rejected 8 to 16 plea deal, Defendant stated the following: "From what I am recalling, she had stated that they could go back up in the number where it was originally, where I was originally charged. They were looking at ... 15 to 30. I think it was 15 to 30, dropped to 10 to 20 and then it was 8 to 16." [N.T., 1-7-16, p. 15]. When asked if he was testifying that he was never told about a 25 year sentence if convicted on attempted rape or attempted indecent assault, Defendant answered: "I don't recall what the number of years were,

3

but I do know, like you said, we spoke of ... the charges that were brought against me. I thought 15 to 20 or 15 to 30, somewhere in that time period was the maximum number that I am remembering." [N.T., 1-7-16, p. 16]. Defendant was then questioned about receiving a copy of the guideline sheets; specifically, whether he and Attorney Smith discussed the contents of the guideline sheets. Defendant replied that yes, they had discussions of various things. He went on to state reiterate that he "thought it was between 15 to 30." [N.T., 1-7-16, p. 17].

Attorney Smith testified at the hearing. She avowed that during her meetings with Defendant, she informed him that if he were convicted of the attempted rape charge, it would require a 25 year sentence, and that Defendant acknowledged that he understood. [N.T., 1-7-16, pp. 24-25]. On cross-examination, Attorney Smith testified that she did not, prior to trial, have a discussion with Defendant about the 25 year minimum applying to indecent assault. [N.T., 1-7-16, p. 27].

Chief Deputy District Attorney Jennifer Gettle also testified at the hearing. Attorney Gettle stated that she made an offer of 8 to 16 years, and that Attorney Smith conveyed that she was concerned that, given Defendant's age, she believed that would be, in essence, a life sentence for Defendant. [N.T., 1-7-16, p. 32]. After plea negotiations had broken down, Attorney Gettle made clear that the Commonwealth would still be seeking the 25-year mandatory sentence. Specifically, she testified: "Absolutely. And in fact, on the day of trial when we were ready to pick the jury, I still again had asked the defendant and colloquyed him about was he sure he didn't want to take the 8 to 16 because we were seeking the 25-year mandatory on the attempted rape, the attempted indecent assault and the ten-year mandatory on the aggravated assault." [N.T., 1-7-16, p. 33].

4

Pursuant to the PCRA, a defendant claiming ineffective assistance must plead and prove that (1) the issue underlying a claim of ineffectiveness must be of arguable merit; (2) trial counsel did not have a reasonable basis for the act or omission in question; and (3) trial counsel's act or omission had an adverse effect on the outcome of the proceedings, in other words, but for the errors and omissions of trial counsel there is a reasonable probability that the outcome of the proceedings would have been different. *Commonwealth v. Kimball*, 724 A.2d 326, 333 (Pa. 1999). On claims of ineffective assistance of counsel, there is a presumption that trial counsel was effective and the petitioner bears the burden of proving otherwise. *Commonwealth v. Miller*, 431 A.2d 233, 235 (Pa. 1981).

Defendant alleges that Attorney Smith was ineffective for not apprising him that a 25-year mandatory sentence could be imposed if the Commonwealth proved he was guilty of attempted indecent assault. In light of the testimony presented at the PCRA hearing, this Court concludes that no PCRA relief is due; the attorney for the Commonwealth correctly apprised Defendant of the risks of proceeding to trial, including informing him of the 25 year mandatory minimum for criminal attempt to commit indecent assault.

In his PCRA petition, Defendant relies on *Commonwealth v. Barndt*, 74 A.3d 185 (Pa. Super. 2013) for the proposition that Attorney Smith's ineffective assistance of counsel (by way of misrepresenting the implications of a conviction for attempted indecent assault) there is a reasonable probability that Defendant would have accepted the plea deal offered. The *Barndt* case involved a guilty plea and an understanding of how the defendant's parole detainer would affect his overall sentence pursuant to the plea agreement. However, in *Barndt*, there was no evidence of a colloquy made in open court regarding the possible consequences of the parole board imposing the detainer in contradiction to what was understood between the defendant and

5

his plea counsel. Despite the fact that Attorney Smith testified that she did not discuss with Defendant that attempted indecent assault would carry a mandatory 25 year sentence, this oversight was clearly corrected on the record:

> ATTORNEY GETTLE: in this matter, Mr. Jenkins you have been charged with criminal attempt to commit rape which is graded a felony of the first degree.
>
> I addition, at Count 2 of the information he has been charged with aggravated assault for attempting to cause serious bodily injury, which is also a felony of the first degree in this matter. In addition the Commonwealth has requested a drop count for criminal attempt to commit indecent assault, which is a misdemeanor of the first degree.
>
> In this matter, based on your prior record, you do have – you have been classified what has been called a repeat felon. Because of that, there are certain guidelines that apply to you if, upon conviction, you would be – if you would be convicted in these matters.
>
> In addition, you also have a conviction out of state in Maine that is of a nature of sexual assault. **Due to that, at Count No. 1 of the information, whether criminal attempt to commit rape or criminal attempt to commit indecent assault, there is a 25-year mandatory upon conviction for that charge.**

[Jury Trial, December 5, 2012, N.T., Vol. 1, p. 2; emphasis added].

Even assuming that Attorney Smith may have incorrectly advised Defendant on the consequences of being found guilty of criminal attempt to commit indecent assault, the record reflects that Defendant still intended to proceed to trial when he responded in the affirmative to Attorney Gettle that he wanted to reject the offer of 8 to 16 years and proceed to trial. [N.T., Vol. 1, p. 4]. Defendant was fully apprised on the record that the Commonwealth was seeking a 25 year mandatory sentence for either the conviction of attempted rape or attempted indecent assault. Thus, Defendant cannot prove prejudice resulting from Attorney Smith's guidance.[3]

---

[3] In his December 21, 2015 supplemental PCRA petition, Defendant brought to this Court's attention the Superior Court decision of *Commonwealth v. Steckley*, 128 A.3d 826 (Pa. Super. 2015). There, the defendant's attorney failed to advise him that a conviction for certain charged offenses would result in a mandatory 25 year minimum sentence due to a prior conviction under 42 Pa.C.S.A. section 9718.2. Prior to trial, the Commonwealth offered a plea deal in which they agreed to recommend an aggregate sentence of 3-6 years imprisonment (for possession of

Moreover, Attorney Smith was not ineffective for not requesting a second drop count of Indecent Assault Without Consent. This would not have changed the outcome of Defendant's trial. The evidence at trial did not support a jury instruction on Indecent Assault Without Consent. 18 Pa.C.S.A. § 3126(a)(1). The offense of aggravated assault with the drop count of simple assault established that Defendant's encounter with the victim was more than unwanted indecent contact with her. Including an instruction on indecent assault without consent would have served to confuse the jury, as the evidence supported an instruction on indecent assault by forcible compulsion. *See Commonwealth v. Patton*, 936 A.2d 1170 (Pa. Super. 2007) (a trial court shall only instruct on an offense where the offense has been made an issue in the case and where the evidence would reasonably support such a verdict; instructions regarding matters which are not supported by the evidence serve no purpose but to confuse the jury).

---

child pornography and possession of prohibited weapons) if the defendant pleaded guilty to the charges. The defendant rejected to offer based on guideline worksheets provided by the district attorney, and based on advice from his counsel, that a conviction would result in a sentence of 9-16 months of imprisonment. The defendant went to trial and was convicted of the child pornography charges but acquitted of the weapons offense. The defendant was sentenced to concurrent terms of 25-50 years of imprisonment for each of the two child pornography convictions. On direct appeal, the defendant's sentence was affirmed, and the Pennsylvania Supreme Court denied his appeal. In his PCRA, the defendant alleged various instances of ineffective assistance of counsel – in particular – for failing to inform him of the potential that the Commonwealth would seek imposition of a 25 year mandatory minimum. The PCRA court vacated the defendant's convictions, and the Superior Court upheld the decision to vacate his convictions. While the factual scenario in the *Steckley* case is similar to the case at hand, the important distinction is in that case (unlike here) there was no colloquy made in open court regarding the defendant being apprised of the mandatory sentence.

BY THE COURT:

_____
Scott Arthur Evans, Judge

Distribution: 12|29|16 at 11·32am
Jennifer Gettle, Esq, District Attorney's Office 1○
Royce L. Morris, Esq. & S. Baker Kesinger, Esq., 4250 Crums Mill Rd., P.O. Box 6991,
Harrisburg, PA 17112 MAIL
Chambers of Judge Scott Arthur Evans 1○

8